```
               UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION


Norma Lee,                        :   Case No. 1:06-cv-585
                                  :
     Plaintiff,                   :
                                  :
vs.                               :
                                  :
Javitch, Block & Rathbone, LLP,   :
et al.,                           :
                                  :
     Defendants.                  :
```

**ORDER**

Before the Court is Javitch, Block & Rathbone's renewed motion for judgment as a matter of law following the jury verdict. (Doc. 141, 146) JB&R moved for judgment at the close of Plaintiff's case and again prior to submission of the case to the jury.

Plaintiff opposes the motion (Doc. 161), and JB&R has filed a lengthy reply. (Doc. 172) JB&R presents a panoply of arguments in support of its motion which the Court has carefully considered. The Court will address the motion under five broad categories outlined below.

<u>Standard of Review</u>.

Motions under Fed. R. Civ. P. 50(b) are reviewed under familiar standards. "The evidence should not be weighed, and the credibility of the witnesses should not be questioned. The judgment of this court should not be substituted for that of the

jury; instead, the evidence should be viewed in the light most favorable to the party against whom the motion is made, and that party given the benefit of all reasonable inferences. The motion should be granted . . . only if reasonable minds could not come to a conclusion other than one favoring the movant. ... The district court must indulge all presumptions in favor of the validity of the jury's verdict, and should refrain from interfering with a jury's verdict unless it is clear that the jury reached a seriously erroneous result." Williams v. Nashville Network, 132 F.3d 1123, 1131 (6th Cir. 1997) (internal quotation marks and citations omitted).

DISCUSSION

1.  Damages.

JB&R contends it is entitled to judgment notwithstanding the verdict because Plaintiff failed to establish any actual damages, failed to establish a causal link between her alleged damages and JB&R's conduct, and failed to establish that her damages were not caused by others (including her bank, her family, her landlord, and/or the original state court collection action). Its motion surveys a broad spanse of tort law, discussing concepts including the principle that damages must be a natural and probable result of conduct; the inability to recover for remote harms; the so-called "zone of danger" test; the doctrine of indirect injuries; and the general difficulties of apportioning harm among

concurrent causes.

One of the cases cited in Defendant's lengthy reply brief is <u>Kafele v. Lerner, Sampson & Rothfuss</u>, 2005 U.S. Dist. LEXIS 11127 (S.D. Ohio, June 9, 2005), and it illustrates the inapplicability of many of the cases cited.  There, an FDCPA plaintiff sought to recover damages based on a prior state foreclosure action against him.  The FDCPA violation was a debt validation notice that was "overshadowed" by the state summons on the foreclosure complaint.  (The summons gave Plaintiff 28 days to respond, while the validation notice gave him 30 days to dispute the debt.)  The defendant did not contest that the facts gave rise to a statutory violation.  However, defendant argued and the district court held that all of Plaintiff's actual damages - the loss of his home, the humiliation he faced going through foreclosure, etc. - were not recoverable under the FDCPA.  Plaintiff was attempting to collaterally attack the state court's foreclosure judgment, which the <u>Rooker-Feldman</u> doctrine prohibits.  It is not clear to this Court how this case (and many others Defendant cites) are helpful to the analysis of Plaintiff's claims in this matter.

The issue in this case is Victor Javitch's sworn statement in the garnishment affidavit that he had a "reasonable basis" to believe that non-exempt funds "may have" been in Plaintiff's bank account at the time he signed the affidavit.  The jury awarded economic and non-economic damages after finding that he lacked

that "reasonable basis." The Court concludes that the evidence at trial supports the causal link between the lack of the "reasonable basis" and Plaintiff's resulting damages.

Plaintiff testified that she lost $195.26 in unreimbursed fees to her bank for overdraft and related charges, as a result of the garnishment that emptied her account. JB&R cites two cases suggesting that "bank fees" are not recoverable under the FDCPA. Volden v. Innovative Financial Systems, Inc., 440 F.3d 947 (8th Cir. 2006), is dissimilar. Plaintiff in that case wrote checks knowing that he lacked adequate funds, and also aware that the bank would assess a collection fee for returned checks. As the Eighth Circuit noted, "Volden simply reaped the consequences of writing bad checks." Id. at 954. No similar facts exist here. And Morgan v. N.A.R., Inc., 2008 Westlaw 639129 (D. Utah 2008) involved a wage garnishment by the employer **after** it had been informed by the defendant-creditor that the underlying judgment had been satisfied. The defendant thus was not responsible for the resulting fees and costs.

JB&R reiterates an argument it previously made, that the existence of "some" non-exempt funds in Plaintiff's account (discovered only after the garnishment) negates any claim for damages by providing a post-hoc "reasonable basis" for the Javitch affidavit. The jury rejected this argument. The Court rejects the assertion that the discovery of some non-exempt

funds provides a "reasonable basis" for the affidavit at the time it was signed. This argument does not merit setting aside the jury's verdict.

As for the award of non-economic damages: JB&R renews its argument that higher standards applicable to intentional infliction of emotional distress damages, or the standards imported from the common law claim for "wrongful attachment" (requiring malice or something akin to it) should apply to FDCPA claims, and under that standard Plaintiff cannot recover. The Court has previously rejected this argument; see Doc. 164, Transcript of pre-trial motions hearing at pp. 23-24. The Court specifically noted Bach v. First Union National Bank, 149 Fed. Appx. 354, 2005 U.S. App. LEXIS 18197 (6th Cir., August 22, 2005), a Fair Credit Reporting Act case where the Sixth Circuit affirmed a substantial damages verdict for pain, suffering and humiliation, holding that "An injured person's testimony alone may suffice to establish damages for emotional distress provided that she reasonably and sufficiently explains the circumstances surrounding the injury and does not rely on mere conclusory statements." Id. at 361.

This Court also declined to instruct the jury using the evidentiary standard for intentional infliction of emotional distress, as Defendant requested. (See Doc. 122, Defendant's revised proposed instructions at pp. 33-35.) Defendant's motion

does not raise any new arguments that persuade the Court that its prior rulings were erroneous.

Defendant also suggests that the "temporary freezing" of a bank account (for about 23 days in this case) is just not that traumatic an event, does not justify an award of emotional distress damages, and certainly does not justify the "excessive" amount the jury awarded in this case. (See Doc. 172 at p. 36) They note that Plaintiff was able to call a lawyer, and her lawyer was able to contact JB&R right away, and that JB&R agreed to release the garnishment after it received her bank statements showing SSI funds. Defendant compares Plaintiff's situation to other FDCPA cases, such as those involving a technically non-compliant validation notice, or an initial communication from a collector that fails to meet an FDCPA statutory requirement. These arguments, in the Court's view, challenge the weight of the evidence and/or the Plaintiff's credibility. They do not suffice as a legal basis for a judgment notwithstanding the jury's verdict.

The Court concludes that the jury's award of damages is not contrary to law, and that Defendant is not entitled to a judgment pursuant to Rule 50.

2) <u>FDCPA Claims</u>.

Defendant's motion argues that Plaintiff's FDCPA claims are fatally flawed, entitling Defendant to judgment as a matter of

-6-

law. Defendant accuses Plaintiff of "changing the theory" of her case in opposing its Rule 50 motion. This accusation is apparently due to Plaintiff's description of the garnishment affidavit as a "means" to collect a debt (as the word is used in the FDCPA), rather than a "statement" made to collect a debt. (See Doc. 161 at p. 14.) The Court does not view this as an attempt to change the theory of the case submitted to the jury. As discussed above, Plaintiff's claims are and always have been premised on the affidavit, and whether Javitch had a "reasonable basis" to believe that non-exempt funds were in Plaintiff's bank account when he signed the affidavit.

Defendant then argues that the testimony presented at trial establishes as a matter of law that Javitch had a "reasonable basis" when he signed the affidavit, a basis that was grounded on the firm's policies, compliance procedures, and the staff investigative work concerning Plaintiff. Defendant renews its arguments that the affidavit did not mislead or deceive Plaintiff (or anyone else), that there was nothing deceptive about the affidavit, and it could not be unfair or unconscionable for Defendant to follow Ohio law, which requires an affidavit to institute a non-wage garnishment. The Court denied JB&R's motion for summary judgment on these subjects, concluding that disputed factual issues existed. (See Doc. 80 at pp. 15-22.) Defendant's arguments do not establish that it is now entitled to judgment as

a matter of law under the standards governing Rule 50. That standard, as noted above, requires the court to grant the motion only if "reasonable minds" could only conclude that the motion should be granted. Williams v. Nashville Network, 132 F.2d at 1131. The Court sees no reason to disturb the jury's verdict on Defendant's liability under the FDCPA.

3.  OCSPA Claim.

Defendant contends it is entitled to judgment on Plaintiff's Ohio law claim because it is not a statutory "supplier," Plaintiff is not a statutory "consumer," and the underlying transaction is not a "consumer transaction." The Court rejected these arguments in denying JB&R's motion for judgment on the pleadings (Doc. 29), and in denying its motion for summary judgment (Doc. 80). In the latter order, this Court particularly referenced the sound policy basis underlying the financial institution exemption to OCSPA liability. This Court then held: "But if the financial institution sells a past due or defaulted debt at a deep discount to an unrelated party, whose only business is debt collection, the sound policy for the financial institution exemption evaporates." (Doc. 80 at p. 25) Based on the available authorities applying the OCSPA to debt collection activities, the Court permitted the claim to go to the jury.

Defendant renews its objection to this ruling, citing a recent decision from the Sixth Circuit (issued after the verdict

in this case), Bergmoser v. Smart Document Solutions, LLC, 2008 U.S. App. LEXIS 6581 (6th Cir., March 5, 2008). Defendant argues that this case held that conduct that is "required or permitted" under other Ohio statutes is not subject to the OCSPA. Bergmoser does not assist Defendant, however. The OCSPA claim at issue in Bergmoser was based upon costs that the defendant charged plaintiff for copying and mailing medical records. An Ohio statute (R.C. 3701.741) strictly regulates the type and amount of such charges, and limits mailing costs to actual postage. But a section of that statute permits record providers to contract with consumers for payment terms that vary from the statute's strict requirements. The Sixth Circuit held that the parties in that case had such a contract which permitted the defendant to charge more for its mailing cost, a transaction expressly authorized by the medical records statute and thus outside OCSPA's scope.

In this case, it is of course true that the Ohio garnishment statute requires the use of a form affidavit to initiate a non-wage garnishment. If Defendant was being sued **solely** because it used a statutorily required form, an OCSPA claim would not lie. However, it is not the mere use of the statutory form at issue: it is whether Javitch had a "reasonable basis to believe" that Plaintiff may have had non-exempt funds in her account.

For these reasons, the Court denies Defendant's motion for judgment as a matter of law on Plaintiff's OCSPA claim.

4) <u>Bona Fide Error Defense</u>.

Defendant contends it is entitled to judgment based on its bona fide error defense to Plaintiff's federal and state claims. Defendant essentially argues that its policies, procedures, compliance efforts and trained staff establish this defense as a matter of law. It suggests that the very existence of these policies, and the undisputed testimony about the investigation that was done about Plaintiff, establishes its defense as a matter of law.

Plaintiff adduced no evidence at trial suggesting that the firm's policies, procedures, staff training, and compliance efforts did not in fact exist. But the crux of Plaintiff's claim was not that the firm **lacked** policies and procedures. She claimed that all of those policies and procedures did not constitute a "reasonable basis" for a belief as to the character of the funds in her bank account. This Court concluded that a disputed issue of fact existed as to whether the policies and procedures were "reasonably adapted to avoid" a violation of the statute, which is the basis for the bona fide error defense under 15 U.S.C. §1692k(c). The jury rejected Defendant's position on both questions. The Court sees no reason to disturb that verdict.

The recent order in Miller v. Javitch, Block & Rathbone,[1] where Judge Barrett granted JB&R summary judgment on its bona fide error defense, does not alter the Court's conclusion in this case. Miller involved a claim that the phrase "money loaned" used in a collection complaint on a credit card debt was false and misleading under the FDCPA. Judge Barrett rejected that argument, as the complaint as a whole was not misleading nor deceptive. The court also accepted Defendant's evidence concerning the legal basis for using a "money loaned" complaint in a credit card debt collection lawsuit, including its internal compliance department and expert opinions concerning the question of law (whether a credit card charge is a "loan").

Defendant's arguments do not persuade the Court that it is entitled to a judgment on its bona fide error defense.

5)   Res Judicata.

Defendant renews its argument that Plaintiff's claims in this case are barred by res judicata or claim preclusion, based upon a lawsuit Plaintiff filed in August 2007 against Midland Funding, who was Defendant's client in the underlying collection action against Plaintiff. The Court rejected Defendant's arguments after reviewing the complaint and the settlement agreement in that case. (See Doc. 86)  Defendant's motion offers

---

[1] S.D. Ohio, Case No. 1:06-cv-828 (MRB), Doc. 91, Order Granting Summary Judgment, filed February 14, 2008.

-11-

no new arguments. Nothing in the trial evidence or testimony provides a basis for this Court to revisit its prior ruling. The Court therefore denies Defendant's current motion on the same grounds previously stated.

## CONCLUSION

For all of the foregoing reasons, Defendant's motion for entry of judgment as a matter of law under Rule 50(b) is hereby denied.

SO ORDERED.

Dated: April 25, 2008         s/Sandra S. Beckwith
                              Sandra S. Beckwith, Chief Judge
                              United States District Court